UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 01-262 (JMR/RLE)

ORIGINAL

UNITED STATES OF AMERICA,

PLAINTIFF,

V.

REAL PROPERTY LOCATED AT 36721 COUNTY ROAD 46, PARK RAPIDS, MINNESOTA, BECKER COUNTY, WITH ALL BUILDINGS, IMPROVEMENTS, FIXTURES, APPURTENANCES AND ATTACHMENTS THERETO AND ANY AND ALL PROCEEDS FROM ITS SALE OR TRANSFER,

DEFENDANT.

DEFAULT JUDGMENT AND FINAL ORDER OF FORFEITURE

Based on the plaintiff's motion for an order granting default default judgment against James B. Young and all unknown persons and entities having an interest in the defendant real property and for forfeiture of the defendant real property to the plaintiff; on all the files and records in this action; and on the Court's finding as follows that:

1. a verified Complaint for Forfeiture with supporting affidavit was filed on February 12, 2001, alleging that the defendant real property was subject to forfeiture pursuant to 21 U.S.C. § 881(a)(7);

2. the United States Marshal's Service posted a Notice of Complaint for Forfeiture Against Real Property on the defendant real property and served a copy of the Summons, Complaint for Forfeiture with supporting Affidavit, Notice of Complaint for



FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD JUL 26 2002

Forfeiture Against Real Property, and Notice of Lis Pendens on James B. Young and the County of Becker, giving due notice to all known interested persons and entities to serve on the United States Attorney and file with the Clerk of Court a verified statement of interest in or right against the defendant real property within 30 days from service of the Complaint and to serve and file an answer to the Complaint for Forfeiture within 20 days after the date the verified statement of interest was filed;

3. on December 5, 2001, in Criminal Action No. 01-118 (JMR/RLE), James B. Young entered into a Plea Agreement with the United States whereby he admitted that he used the defendant real property to commit and/or to facilitate his illegal drug distribution activities and his illegal manufacturing of marijuana; agreed to waive notice of this civil forfeiture action against the defendant real property; agreed to not contest the civil forfeiture action, either directly or indirectly through family members or others acting in concert with him; agreed to the entry of default judgment against him; and agreed to the forfeiture of the defendant real property to the United States free and clear of any and all claims by him;

4. a notice of the forfeiture action against the defendant real property was published in the Finance and Commerce, Minneapolis, Minnesota, a newspaper of general circulation in the District of Minnesota, on January 11, 18 and 25, 2002, giving

notice to all unknown interested persons and entities of the verified statement of interest and answer requirements;

5. a verified statement of interest and an answer to the Complaint for Forfeiture were filed by Becker County for real estate taxes that have become a lien against the defendant real property;

6. the plaintiff and Becker County stipulated to Becker County's claim for real estate taxes by Stipulation for Payment of Real Estate Taxes and Order filed with the Clerk of Court;

7. no other verified statements of interest in the defendant real property and answers to the Complaint for Forfeiture have been filed with the Clerk of Court and served on the United States Attorney, and the time for filing a verified statement of interest and answer has expired;

8. on May 1, 2002, the Clerk of Court entered default against James B. Young and all unknown persons and entities having an interest in the defendant real property; and

9. the plaintiff has established by a preponderance of the evidence that the defendant real property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(7);

NOW, THEREFORE, IT IS HEREBY ORDERED that:

1. default judgment is entered against James B. Young and all unknown persons and entities having an interest in the defendant real property, legally described as:

> the Northwest Quarter of the Northeast Quarter (NW 1/4 of the NE 1/4) of Section 26, Township 142 North, Range 36 West of the Fifth Principal Meridian, containing, according to the United States Government Survey thereof, 40 acres more or less, subject to easements, reservations, and restrictions of record, if any, together with its buildings, appurtenances, improvements, fixtures, attachments and easements; and

2. all the right, title and interest of the defaulted persons and entities in the defendant real property is forfeited to the plaintiff, and no right, title or interest in the defendant real property shall exist in any other person or entity except as provided for in the Stipulation for Payment of Real Estate Taxes and Order; and

3. the defendant real property shall be disposed of by the plaintiff in accordance with law and with the Stipulation for Payment of Real Estate Taxes and Order.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: July 24th, 2002

JAMES M. ROSENBAUM, Chief Judge
United States District Court

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.